MELVERN RICHARDSON CARRIER, Plaintiff, *v.* BESSIE A. RICHARDSON, Individually and as Executrix of the Estate of MERLE RICHARDSON, Deceased, and PERLE E. RICHARDSON, Defendants.

Supreme Court, Chautauqua County, January 10, 1931.

172

*Palmer, Rowe & Palmer* [*Nelson J. Palmer* and *Robert N. Palmer* of counsel], for the plaintiff.

*Van Vlack, Bargar & Berglund* [*Lynn R. Van Vlack* of counsel], for the defendant Bessie A. Richardson.

HORTON, J. This action is to require defendant Bessie A. Richardson to account to plaintiff for moneys received on sale of a farm in South Dakota, formerly owned by the plaintiff. A brief recital of the facts is necessary for a fair understanding of the case.

About 1880 plaintiff, a native of Cassadaga, N. Y., took into her home upon their mother's death in their early childhood her two nephews, Merle Richardson and Perle E. Richardson. In 1912 she acquired the farm in question. In 1914, as she was about to undergo a surgical operation, from which she was advised that the chances of recovery were slight, she conveyed to Merle Richardson the South Dakota farm by a deed which was not to be recorded. The plaintiff's evidence is that the deed was left with the notary public at Cassadaga for safe-keeping, but the defendant's evidence is that it was delivered to and kept by Merle Richardson. At that time the farm was rented, and the plaintiff, who recovered from the operation, later wrote to the tenant that when she deeded the property to Merle there was an agreement that he was to have the proceeds and pay the taxes. In 1921, plaintiff, who had married and was then living at Windsor, N. Y., having to undergo a second operation, sent for her two nephews and instructed Merle to have the deed recorded. He followed instructions and the conveyance was duly placed on record in Tripp county, S. D., on September 20, 1921. After some months the plaintiff recovered from the second operation. The record title remained in Merle Richardson, the plaintiff collecting the rent and paying the taxes thereon until

Merle Richardson's death in September, 1922. Sometime thereafter plaintiff went to live with Merle's widow, the defendant Bessie A. Richardson, and remained there until about June, 1929, when she left on account of some friction over matters not connected with this controversy. While she was living with defendant, negotiations were had for the sale of the farm to the tenant, which were consummated about September 7, 1929, by the payment of $4,000 to Bessie A. Richardson to whom Merle had left all his property by will.

Plaintiff testifies in this action and is corroborated by the defendant Perle E. Richardson, that the farm was deeded to Merle upon the understanding that if she recovered from the first operation, the deed was to be returned to her, but that if she died the land was to be divided equally between the two brothers; that this arrangement was reaffirmed and repeated before the second operation. Shortly after she left defendant's home in 1929, she demanded first that Bessie pay to her $2,000 that she considered was coming to Perle, and later demanded the $4,000. Upon refusal of the defendant to pay this sum to her, she brought this action to require an accounting by the defendant and payment of the proceeds to her as upon a constructive trust, claiming that by reason of the fiduciary relationship of the parties, the burden of proving good faith is upon the party denying the existence of the trust.

The defendant's contention is that whatever the nature of the transaction was at the outset, it later became and was intended to become a conveyance to Merle outright. In support of this she offers the testimony of the purchaser that in the spring or summer of 1929 the plaintiff wrote him that the place belonged to Bessie A. Richardson. She also testified that plaintiff told her that she had deeded the place to Merle as Perle had already had as much as that, and that plaintiff wanted Merle to have it; and that while waiting for the sale to be consummated, plaintiff said to defendant, "Bessie, this is yours and I want you to take it, it belongs to you, this money will come to you," and that this was her attitude until difficulties arose between them, and the plaintiff went elsewhere to live.

The result of all this is that a serious question of fact arises as to just what the transaction was. While the transaction was between a woman and her nephew, I doubt that the relationship was so confidential as to shift the burden of proof. Plaintiff was not living with Merle Richardson either when she gave the deed first in 1914, or when she directed it to be recorded in 1921. She was a thoroughly capable and self-reliant woman, not under the domination or control of any one. Whether the deed was left with the notary or with Merle, she made no effort to have it returned

to her for the seven years that it was unrecorded, nor did she request that the property be deeded back to her at any time during the several months while Merle was alive subsequent to her recovery from the second operation after the recording of the deed. Furthermore, for seven years thereafter she was content to leave the title in Bessie A. Richardson, and upon making the sale, wrote the prospective purchaser that the farm belonged to Bessie.

Under these circumstances it seems to the court that this action is the result of the disagreement that occurred between the plaintiff and the defendant Bessie A. Richardson in 1929, rather than an attempt to bring about the fulfillment of an agreement made with defendant's husband many years before. The evidence is too inconclusive to warrant this court in lending its aid to compel the defendant to give up to the plaintiff the proceeds of the sale of this farm to which she or her husband held title of record for some eight years before this action was brought.

Judgment may be entered dismissing the complaint.